[Cite as *State v. Carmel*, 2017-Ohio-7589.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.      28463 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JACK CARMEL | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.      CR-2012-09-2527 |

DECISION AND JOURNAL ENTRY

Dated: September 13, 2017

TEODOSIO, Judge.

{¶1}    Appellant, Jack Carmel, appeals from his convictions in the Summit County Court of Common Pleas.  We affirm.

I.

{¶2}    Mr. Carmel pled guilty to five counts of gross sexual imposition, felonies of the third degree, for molesting his two granddaughters who were less than twelve years old.  The trial court sentenced him to thirty-six months on each count, all to be served consecutively for a total of fifteen years in prison.  On appeal, this Court reversed and concluded that the trial court "failed to make the necessary findings at the sentencing hearing in order to impose consecutive sentences" pursuant to R.C. 2929.14(C).  *State v. Carmel*, 9th Dist. Summit No. 26926, 2014-Ohio-1209, ¶ 11.  On remand, the trial court conducted a re-sentencing hearing and again sentenced Mr. Carmel to fifteen years in prison.

{¶3} Mr. Carmel now appeals from his convictions and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT'S IMPOSITION OF A 15-YEAR SENTENCE WAS UNREASONABLE, DISPROPORTIONATE AND INCONSISTENT WITH SENTENCES IMPOSED UPON ALL DEFENDANTS SENTENCED FOR THE IDENTICAL OFFENSES OVER THE LAST 5 ½ YEARS IN VIOLATION OF R.C. 2929.11(B), AS WELL AS THE DUE PROCESS, EQUAL PROTECTION AND 8TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶4} In his sole assignment of error, Mr. Carmel argues that his sentence is unreasonable, inconsistent, and grossly disproportionate to the sentences of other offenders convicted of gross sexual imposition in the Summit County Court of Common Pleas over the past five-and-a-half years.

{¶5} The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶6} Mr. Carmel was convicted of five counts of gross sexual imposition under R.C. 2907.05(A)(4), each of which carried a possible penalty of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months in prison. *See* R.C. 2929.14(A)(3)(a). Mr. Carmel does not dispute the fact that his thirty-six-month sentences on

each count are within the prescribed statutory range.  Instead, he argues that his sentence is unreasonable, inconsistent, and grossly disproportionate to other sentences imposed for offenders convicted of gross sexual imposition in the Summit County Court of Common Pleas over the past five-and-a-half years.

{¶7}  R.C. 2929.11(B) provides that felony sentences shall be "consistent with sentences imposed for similar crimes committed by similar offenders."  Courts have held:

> Consistency * * * does not necessarily mean uniformity.  Instead, consistency aims at similar sentences.  Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors.  [The task of an appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice.]  Although offenses may be similar, distinguishing factors may justify dissimilar sentences.

State v. Zaharie, 9th Dist. Medina No. 09CA0077-M, 2010-Ohio-3542, ¶ 13, quoting State v. Marriott, 2d Dist. Clark No. 2008 CA 48, 2009-Ohio-2323, ¶ 37, quoting State v. King, 5th Dist. Muskingum No. CT06-0020, 2006-Ohio-6566, ¶ 23.  This Court has held that "two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment."  State v. Babb, 9th Dist. Summit No. 23631, 2007-Ohio-5102, ¶ 6, quoting State v. Quine, 9th Dist. Summit No. 20968, 2002-Ohio-6987, ¶ 13.  Consequently, an appellant cannot establish, either at trial or on appeal, that his sentence is contrary to law because of inconsistency by providing evidence of other cases showing similarly situated offenders who received sentences that are different from his own sentence.  See Quine at ¶ 13.  While consistent sentences are not derived from case-by-case comparisons, consistency is ensured by the trial court's proper application of the statutory sentencing guidelines.  Zaharie at ¶ 13.

{¶8} Upon review of the record, we note that the presentence investigation report and psychosexual evaluation have not been made part of the record on appeal. At Mr. Carmel's re-sentencing hearing, the trial court explicitly referenced its review of both the presentence investigation report and the psychosexual evaluation. The court spoke of "deep divisions [between members of Mr. Carmel's family] that became known to [it] through the presentence investigation." The court also stated that "in the psychosexual evaluation he admitted to doing it about 15 times" and "if you read the psychosexual evaluation, Mr. Carmel did explain the girls were asleep, and he used the term easy targets because they were asleep." Thus, the trial court certainly utilized those documents in imposing its sentence.

{¶9} "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 16. "This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review, we are compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *Id.* Without the presentence investigation report and the psychosexual evaluation in the record, we cannot properly review Mr. Carmel's sentence. *See State v. Burden*, 9th Dist. Summit No. 28367, 2017-Ohio-4420, ¶ 7. Accordingly, we must presume regularity in the proceedings below and affirm. *See id.*

{¶10} Mr. Carmel's first assignment of error is overruled.

III.

{¶11} Mr. Carmel's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JAMES L. BURDON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.