[Cite as *State v. Wasil*, 2018-Ohio-4463.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 18AP0001 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS D. WASIL | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2017 CRC-I 000154 |

DECISION AND JOURNAL ENTRY

Dated: November 5, 2018

CALLAHAN, Judge.

{¶1} Appellant, Thomas Wasil, appeals his conviction for gross sexual imposition. This Court affirms.

I.

{¶2} Ten-year-old A.R. reported to her paternal grandmother that Mr. Wasil, her maternal grandfather, sexually assaulted her during a sleepover at his home. Mr. Wasil was charged with one count of rape, a violation of R.C. 2907.02(A)(1)(b), and gross sexual imposition, a violation of R.C. 2907.05(A)(4). A jury found him not guilty of rape, but guilty of gross sexual imposition, and the trial court sentenced him to the maximum permissible prison term of five years. Mr. Wasil filed this appeal.

II.

## ASSIGNMENT OF ERROR NO. 1

APPELLANT'S CONVICTION FOR GROSS SEXUAL IMPOSITION, R.C. 2907.05(A)(4), WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶3} Mr. Wasil's first assignment of error argues that his conviction is against the manifest weight of the evidence. Mr. Wasil contends that it was inconsistent for the jury to find him not guilty of rape, yet guilty of gross sexual imposition because, in his view, doing so required the jury to believe that A.R. was lying with regard to part of his conduct, but truthful about the rest.

{¶4} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶5} R.C. 2907.02(A)(1)(b), which prohibits rape, provides that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * the other person is less than thirteen years of age, whether or not the offender knows the age of the other person." "Sexual conduct" includes "cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another." R.C.

2907.01(A). R.C. 2907.05(A)(4), which prohibits gross sexual imposition, prohibits any person from having sexual contact with another person who is less than thirteen years of age. "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). Consequently, the distinction between the offenses of rape and gross sexual imposition is that while rape requires sexual *conduct*, gross sexual imposition requires sexual *contact*. *State v. Anderson*, 9th Dist. Summit No. 23197, 2007-Ohio-147, ¶ 14.

{¶6} Mr. Wasil's underlying premise appears to be that one cannot be convicted of gross sexual imposition, but acquitted of rape, when both charges arise out of one incident of sexual assault. Although it is well-established that "a defendant may not be convicted of both gross sexual imposition and rape when the counts arise out of the same conduct," a defendant who commits acts that are "distinct and separate from each other" can be convicted under both statutes. *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, ¶ 143-145 (considering under what circumstances rape and gross sexual imposition constitute allied offenses of similar import under R.C. 2941.25). A defendant may also, then, be found guilty of one offense, but not guilty of the other.

{¶7} Arising from his premise, Mr. Wasil argues that it was inconsistent—and, therefore, against the manifest weight of the evidence—for the jury to have found him not guilty of rape, but guilty of the separate charge of gross sexual imposition. Even assuming that the verdicts in this case were inconsistent, reversal would not be warranted because "[i]nconsistent verdicts on different counts of a multi-count indictment do not justify overturning a verdict." *State v. Hicks*, 43 Ohio St.3d 72, 78 (1989), citing *United State v. Powell*, 469 U.S. 57, 68

(1984). Stated differently, "The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." *State v. Adams*, 53 Ohio St.2d 223 (1978), paragraph two of the syllabus, vacated on other grounds at 439 U.S. 811 (1978).

{¶8}   In this case, however, the evidence demonstrates that there is no inconsistency between the verdicts.  A.R., who was eleven years old at the time of trial, testified that during a sleepover at his home, her grandfather, Mr. Wasil, perpetrated several distinct acts against her. These included placing her hand on his genitals, inserting his fingers into her vagina two or three times, and placing his mouth on her genitals.  Mr. Wasil's trial counsel, who successfully obtained an acquittal on the rape charge, elicited testimony during cross-examination of A.R. on a strategic point: she acknowledged that she did not provide all of the details of the assault when she first disclosed it and, specifically, that she had omitted telling her grandmother that Mr. Wasil inserted his fingers into her vagina.  In addition, the pediatrician from the Wayne County Children's Advocacy Center who oversees forensic examinations testified on direct examination that because of a misunderstanding of their own anatomy, many young girls perceive any touching of their genitals to be penetration of the vagina.  Based on these statements, the jury could have credited A.R.'s description regarding some of Mr. Wasil's actions, but failed to credit the remainder of her testimony.

{¶9}   The evidence in this case does not weigh heavily against Mr. Wasil's conviction for gross sexual imposition, whether owing to inconsistency or otherwise.  His first assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO THE MAXIMUM POSSIBLE PRISON TERM.

**{¶10}** Mr. Wasil's second assignment of error argues that the trial court erred by sentencing him to the maximum possible prison term of five years. This Court disagrees.

**{¶11}** This Court may modify or vacate a felony sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-516, ¶ 1. With respect to maximum sentences, a trial court has "full discretion to impose a prison sentence within the statutory range" and is "no longer required to make findings or give * * * reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.

**{¶12}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A).[1] Trial courts have discretion in fashioning felony sentences with consideration for the factors provided in R.C. 2929.12(B)-(F). R.C. 2929.12(A). "R.C. 2929.12(B) includes factors that suggest that the offense is more serious. R.C. 2929.12(C) includes factors suggesting the offense is less serious. The recidivism factors—factors indicating an offender is more or less likely to commit future crimes—are set forth in R.C. 2929.12(D) and (E)." *State v. Thrasher*, 9th Dist. Summit No. 27547, 2015-Ohio-2504, ¶ 5.

---

[1] R.C. 2929.11 was amended effective October 29, 2018. This opinion references the previous version of the statute.

{¶13} Mr. Wasil does not dispute that his sentence is within the permissible range for gross sexual imposition when it is a third-degree felony, as in this case. *See* R.C. 2907.05(C)(2); R.C. 2929.14(A)(3)(a). Instead, he has argued that the record does not support the sentence that the trial court imposed because "he does not have a meaningful criminal record, the victim in this case did not suffer any serious physical harm, and he has a low likelihood of recidivism." In this respect, however, we cannot examine the record because the presentence investigation report is not part of the record on appeal. When an appellant does not provide a complete record to facilitate our review, we must presume regularity in the trial court's proceedings and affirm. *State v. Jalwan*, 9th Dist. Medina No. 09CA0065-M, 2010-Ohio-3001, ¶ 12, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Consequently, when the contents of a presentence investigation report are necessary to review the appropriateness of a sentence, an appellant must move to supplement the record on appeal with the report to enable our review. *See State v. Banks*, 9th Dist. Summit No. 24259, 2008-Ohio-6432, ¶ 14.

{¶14} Mr. Wasil did not move this Court to supplement the record on appeal with the presentence investigation report so, because his second assignment of error requires us to consider the evidence related to the trial court's sentencing decision, we must presume regularity and affirm.

{¶15} Mr. Wasil's second assignment of error is overruled.

### III.

{¶16} Mr. Wasil's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MATTHEW J. MALONE, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.