[Cite as *State v. Hamilton*, 2019-Ohio-1829.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

RANDY HAMILTON

    Appellant

C.A. No.    17CA011238

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16CR095092

DECISION AND JOURNAL ENTRY

Dated: May 13, 2019

TEODOSIO, Presiding Judge.

{¶1}    Appellant, Randy Hamilton, appeals from his convictions in the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}    In October of 2016, Mr. Hamilton and his live-in girlfriend ("M.R.") invited some friends over to their North Ridgeville home to watch a Cleveland Indians' World Series game. Both Mr. Hamilton and M.R. had been drinking that night and, according to Mr. Hamilton, the two began arguing over cleaning up the house after their friends left.  M.R. eventually slammed shut and locked her bedroom door, which Mr. Hamilton broke open with his shoulder. According to Mr. Hamilton, M.R. aimed a shotgun at him, so he grabbed it from her, pushed her away, and attempted to uncock the weapon.  The gun went off, hitting M.R. in the chest and killing her.  Mr. Hamilton called 911 and waited for police to arrive.

{¶3}    Mr. Hamilton was indicted on two counts of murder with firearm specifications, two counts of felonious assault with firearm specifications, one count of having weapons while under disability, and one count of receiving stolen property with a firearm specification.  He filed a motion to suppress certain statements he made to police officers, which was denied as untimely.  The case proceeded to a jury trial, and the State eventually dismissed one of the felonious assault counts with its attendant firearm specification.  The jury found Mr. Hamilton not guilty on both murder charges, but guilty of the lesser-included charges of reckless homicide and involuntary manslaughter with accompanying firearm specifications.  The jury further found him guilty of the three remaining felonies and their attendant firearm specifications.  The State elected to merge the reckless homicide and involuntary manslaughter convictions into the felonious assault conviction as allied offenses of similar import for sentencing.  The trial court sentenced Mr. Hamilton to an aggregate total of 15 years and 6 months in prison.

{¶4}    Mr. Hamilton now appeals and raises six assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT A MISTRIAL AFTER THE JURORS WERE IMPROPERLY INFLUENCED.

{¶5}    In his first assignment of error, Mr. Hamilton argues that the trial court erred in failing to sua sponte grant a mistrial.  We disagree.

{¶6}    It is well-settled that trial courts are permitted to sua sponte grant mistrials.  *E.g., State v. Secessions*, 9th Dist. Summit No. 25754, 2011-Ohio-6066, ¶ 14.  As the trial judge is in the best position to determine whether a situation in the courtroom warrants the declaration of a mistrial, we give great deference to the court's discretion in that area.  *State v. Hickman*, 9th Dist.

Summit No. 27321, 2015-Ohio-4668, ¶ 21. "'Mistrials need be declared only when the ends of justice so require and a fair trial is no longer possible.'" *Id.*, quoting *State v. Franklin*, 62 Ohio St.3d 118, 127 (1991). "If a defendant fails to move for a mistrial once he discovers the grounds that would form the basis for his motion, then he forfeits all but a claim of plain error." *State v. Litten*, 9th Dist. Summit No. 26812, 2014-Ohio-577, ¶ 27.

{¶7} The jury reached a verdict in this case, but the trial court reviewed the verdict forms and then spoke to counsel off the record. Immediately after their private discussion, the following occurred on the record:

> THE COURT: You have a little bit more work to do. I just want to say, as a judge who is in charge of instruction, this is complicated, and you knew that from the time it took us to fashion these verdict forms over the course of a couple of days.
>
> But I'm going to instruct you that with respect to Count One, page 3, the lesser included of reckless homicide, you need to deliberate and reach a verdict with respect to the offense on Count Three. I'm sorry, not -- on page 3. That's the lesser included to Count One.
>
> On Count Two, that's the felony murder. You made a finding on one of the lesser includeds, but not the second one. So you need to --
>
> UNIDENTIFIED SPEAKER: Good job.
>
> THE COURT: You need to -- you need to make your finding on the lesser included of involuntary manslaughter. You need to deliberate and reach a decision on that. I believe that's it.
>
> Counsel, would you agree?
>
> MR. LIEUX: Yes, Your Honor.
>
> Mr. CILLO: With the exception of the reservations I had.
>
> THE COURT: I understand that. You are going to deliberate and reach a verdict as to the lesser included on Count One located on page 3, and you are going to deliberate on the second lesser included on page 9.

If you have any questions, reduce those to writing and contact the bailiff. We're adjourned.

The jurors then returned to the jury room for further deliberations as instructed.

{¶8} Mr. Hamilton now argues that the unidentified person's outburst "undoubtedly influenced the jury and the court should have *sua sponte*, at the very minimum, inquired as to whether the jury was influenced." The record is clear that no objection was made when the unidentified person said, "Good job." Mr. Hamilton has thus forfeited all but plain error, yet he has failed to argue plain error on appeal. *See Litten* at ¶ 27. "This Court has repeatedly noted that it will not sua sponte fashion an unraised plain error argument and then address it." *State v. Thomas*, 9th Dist. Summit No. 27580, 2015-Ohio-5247, ¶ 9.

{¶9} Accordingly, Mr. Hamilton's first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN SENTENCING MR. HAMILTON TO THE MAXIMUM SENTENCES.

{¶10} In his second assignment of error, Mr. Hamilton argues that the trial court erred in imposing the maximum sentence for his convictions, which is "not commensurate with similar matters in the Lorain County Court of Common Pleas." We disagree.

{¶11} "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. "The Supreme Court of Ohio has held that 'an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Stevens*, 9th Dist. Medina

Nos. 16CA0033-M and 16CA0034-M, 2017-Ohio-5482, ¶ 10, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶12} Mr. Hamilton argues that his sentence was based on his indicted charges, not his actual convictions, yet he offers no evidence of this and does not dispute the fact that his sentence falls within the prescribed statutory range. Instead, he refers us to two "similar cases" in Lorain County with "similar charges" in which the defendants were sentenced to community control. Without elaborating on the facts or circumstances surrounding either case, he simply informs us that one defendant was found guilty of involuntary manslaughter and assault while the other was found guilty of reckless homicide. He then directs our attention to some purported mitigating factors present in his own case: e.g., Mr. Hamilton called 911, the victim was drunk and "engaged the argument[,]" the victim attempted to point the shotgun at Mr. Hamilton and he responded "to save his own life[,]" and the jury found him not guilty of the murder charges.

{¶13} Even accepting as true Mr. Hamilton's broad conclusion that his case is "similar" to two other Lorain County cases in which the defendants were not sent to prison, his argument here still lacks merit. R.C. 2929.11(B) provides that felony sentences shall be "consistent with sentences imposed for similar crimes committed by similar offenders." Courts have held:

> Consistency * * * does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. [The task of an appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice.] Although offenses may be similar, distinguishing factors may justify dissimilar sentences.

*State v. Zaharie*, 9th Dist. Medina No. 09CA0077-M, 2010-Ohio-3542, ¶ 13, quoting *State v. Marriott*, 2d Dist. Clark No. 2008 CA 48, 2009-Ohio-2323, ¶ 37, quoting *State v. King*, 5th Dist. Muskingum No. CT06-0020, 2006-Ohio-6566, ¶ 23. "This Court has held that 'two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment.'" *State v. Babb*, 9th Dist. Summit No. 23631, 2007-Ohio-5102, ¶ 6, quoting *State v. Quine*, 9th Dist. Summit No. 20968, 2002-Ohio-6987, ¶ 13. "Consequently, an appellant cannot establish, either at trial or on appeal, that his sentence is contrary to law because of inconsistency by providing evidence of other cases showing similarly situated offenders who received sentences that are different from his own sentence." *State v. Carmel*, 9th Dist. Summit No. 28463, 2017-Ohio-7589, ¶ 7, citing *Quine* at ¶ 13. "While consistent sentences are not derived from case-by-case comparisons, consistency is ensured by the trial court's proper application of the statutory sentencing guidelines." *Carmel* at ¶ 7, citing *Zaharie* at ¶ 13.

{¶14} Mr. Hamilton has failed to show by clear and convincing evidence that his sentence is contrary to law.

{¶15} Accordingly, his second assignment of error is overruled.

### ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN FAILING TO MERGE MR. HAMILTON'S SENTENCES FOR HAVING WEAPONS WHILE UNDER DISABILITY AND FELONIOUS ASSUALT [SIC] AS THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT WITHIN THE MEANING OF R.C. 2941.25.

{¶16} In his third assignment of error, Mr. Hamilton argues that the trial court erred in failing to merge two allied offenses of similar import, specifically having weapons while under disability and felonious assault. We disagree.

{¶17} "This Court generally applies a de novo standard of review when reviewing a trial court's decision regarding the merger of convictions for the purposes of sentencing." *State v. Harris*, 9th Dist. Medina No. 16CA0054-M, 2017-Ohio-8263, ¶ 25, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 1. "When applying the de novo standard of review, this Court gives no deference to the trial court's legal determinations." *State v. West*, 9th Dist. Lorain No. 04CA008554, 2005-Ohio-990, ¶ 33.

{¶18} "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and [Article I, Section 10,] of the Ohio Constitution, which prohibits multiple punishments for the same offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 23. R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶19} The Supreme Court of Ohio clarified the standard for an analysis of allied offenses of similar import in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995. "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import." *Id.* at paragraph one of the syllabus. "It is the defendant's burden to establish his * * * entitlement to the protections of Section 2941.25." *State v. Dembie*, 9th Dist. Lorain No. 14CA010527, 2015-Ohio-2888, ¶ 8.

{¶20} "A defendant may expressly waive the protection afforded by R.C. 2941.25." *State v. May*, 9th Dist. Lorain No. 17CA011204, 2018-Ohio-2996, ¶ 8. "Waiver is the intentional relinquishment or abandonment of a right * * *." *State v. Dodson*, 9th Dist. Medina No. 16CA0020-M, 2017-Ohio-350, ¶ 9. During Mr. Hamilton's sentencing, the following discussion was had on the record:

THE COURT: Thank you. * * *

State of Ohio, with respect to some counts that merge in this case, and also, Attorney Lieux, it's the Court's opinion that Counts One, Two and Three merge. Counts One, Two and Three would merge. Is the State electing on any one of those three counts?

MR. CILLO: The felonious assault, which I believe is Count Three, Your Honor.

THE COURT: Attorney Lieux, any comment on the merger analysis?

MR. LIEUX: No, Your Honor.

Thus, defense counsel agreed to the merger of the reckless homicide, involuntary manslaughter, and felonious assault counts, and then explicitly declined his opportunity to comment further on whether any additional counts—e.g., the weapons under disability count—should also be merged for sentencing. "'Where the transcript demonstrates that the [S]tate and defense counsel agreed that offenses were not allied, the issue of allied offenses is waived.'" *May* at ¶ 8, quoting *State v. Bridges*, 8th Dist. Cuyahoga No. 105547, 2017-Ohio-8579, ¶ 22; *compare State v. Allen*, 1st Dist. Hamilton No. C-150769, 2016-Ohio-5258, ¶ 10 (stating that while concession that offenses are not allied strongly indicates waiver of the right to assert an allied-offenses argument, the issue is forfeited—rather than waived—if the concession is not actually included in a plea agreement between the parties). Because the record here reveals that Mr. Hamilton agreed to the merger of certain counts, including the felonious assault count, and refused the trial court's invitation to address any additional merger issues, we conclude that Mr. Hamilton intended to

relinquish the opportunity to argue that his weapons under disability and felonious assault convictions were allied offenses and should be merged for sentencing purposes. *See May* at ¶ 8. Consequently, Mr. Hamilton has waived the issue of allied offenses. *See id.*

**{¶21}** Even assuming arguendo that Mr. Hamilton's explicit refusal to further address any additional merger issues is somehow insufficient to establish a waiver of the issue of allied offenses, a review of the record reveals that at no time did he actively seek to have his weapons under disability and felonious assault convictions merged for sentencing. "Failure to actively seek the merger of purported allied offenses at the trial court level forfeits the issue for appellate review." *Id.* at ¶ 9. "'In contrast to waiver, forfeiture is the failure to timely assert a right or object to an error * * *.'" *Id.*, quoting *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 21. "This Court has stated that a failure to object or make any allied offenses argument at sentencing forfeits all but plain error." *May* at ¶ 9, citing *Harris*, 9th Dist. Medina No. 16CA0054-M, 2017-Ohio-8263, at ¶ 25. Mr. Hamilton has not argued plain error on appeal. Once again, "[t]his Court * * * will not sua sponte fashion an unraised plain error argument and then address it." *Thomas*, 9th Dist. Summit No. 27580, 2015-Ohio-5247, at ¶ 9.

**{¶22}** Mr. Hamilton's third assignment of error is overruled.

**ASSIGNMENT OF ERROR FOUR**

THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
TO THE DETERMINENT [SIC] OF MR. HAMILTON.

**{¶23}** In his fourth assignment of error, Mr. Hamilton argues that the jury lost its way and his conviction for felonious assault was against the manifest weight of the evidence. He claims to have acted recklessly—not knowingly—and directs us to the not guilty verdicts for murder, contending that the jury "certainly believed [he] did not act knowingly" as to the murder charges. "However, '[Mr. Hamilton] has not separately argued that the trial court erred by

accepting inconsistent jury verdicts, so our consideration of this argument is limited to whether it bears on the weight of the evidence. It does not.'" *State v. Garrett*, 9th Dist. Summit No. 28638, 2018-Ohio-1368, ¶ 4, quoting *State v. Phillips*, 9th Dist. Summit No. 27552, 2017-Ohio-1186, ¶ 20. Even assuming arguendo that the issue was separately argued on appeal, "juries are not required to reach consistent verdicts between separate counts." *State v. Singh*, 9th Dist. Summit No. 28819, 2018-Ohio-3473, ¶ 15. *See also State v. Wasil*, 9th Dist. Wayne No. 18AP0001, 2018-Ohio-4463, ¶ 7. Moreover, Mr. Hamilton never objected or raised any argument regarding inconsistent verdicts at the trial court level and has thus forfeited all but plain error, which we will not sua sponte raise on his behalf. *See Singh* at ¶ 15.

**{¶24}** This Court has stated:

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "[W]hen reversing a conviction on the basis that it was against the manifest weight of the evidence, an appellate court sits as a 'thirteenth juror,' and disagrees with the factfinder's resolution of the conflicting testimony." *State v. Tucker*, 9th Dist. Medina No. 06CA0035-M, 2006-Ohio-6914, ¶ 5. This discretionary power "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). *See also Otten* at 340.

**{¶25}** Mr. Hamilton was convicted of felonious assault under R.C. 2903.11(A)(1), which prohibits any person from "knowingly * * * [c]aus[ing] serious physical harm to another * * *." "A person acts knowingly, regardless of purpose, when the person is aware that the

person's conduct will probably cause a certain result or will probably be of a certain nature."

R.C. 2901.22(B). "Serious physical harm to persons" means any of the following:

(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

(b) Any physical harm that carries a substantial risk of death;

(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

R.C. 2901.01(A)(5).

**{¶26}** Upon review of the record, we cannot say that the jury lost its way or the felonious assault conviction was against the manifest weight of the evidence. In determining that Mr. Hamilton knowingly committed felonious assault, the jury could infer his state of mind from the surrounding circumstances in this case. *See State v. Orr*, 9th Dist. Lorain No. 16CA010909, 2016-Ohio-8463, ¶ 10. Mr. Hamilton testified at trial that he was arguing with M.R. when she slammed the bedroom door closed in his face and said, "If you don't like how I do, get the f**k out." He further testified, "I tried to open the door. It didn't open. And I was pissed. And I took my shoulder and I hit it, and it broke and it did open." He testified that M.R. said, "You have it now[,]" and aimed the shotgun at him, so he grabbed the gun from her and pushed her back into the room by her shoulder. He testified, "I seen (sic) [the shotgun] was cocked, and I tried to uncock it and it went off." Detective Patrick West testified at trial that he spoke to Mr. Hamilton in the police department's booking room, and Mr. Hamilton said, "I can tell you right now, buddy, I'm not happy. S**t. I'm not happy. You know how they say a person knows how

to push someone's buttons." Detective West said, "[E]veryone has buttons[,]" and Mr. Hamilton replied, "That don't make it justifiable[] though."

**{¶27}** "'[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts.'" *State v. Haydon*, 9th Dist. Summit No. 27737, 2016-Ohio-4683, ¶ 28, quoting *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. The jury was best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the proffered testimony. *See State v. Cook*, 9th Dist. Summit No. 21185, 2003-Ohio-727, ¶ 30. This Court has consistently held that "[w]e will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version." *State v. Fry*, 9th Dist. Medina No. 16CA0057-M, 2017-Ohio-9077, ¶ 13. Mr. Hamilton has also not demonstrated how this is an exceptional case where the evidence presented weighs heavily in his favor and against conviction. *See Thompkins* at 387.

**{¶28}** Accordingly, Mr. Hamilton's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT ERRED IN FAILING TO SUPPRESS STATEMENTS

**{¶29}** In his fifth assignment of error, Mr. Hamilton argues that the trial court erred in denying his untimely motion to suppress. We disagree.

**{¶30}** A pretrial motion to suppress must be filed within 35 days after arraignment or seven days before trial, whichever is earlier. Crim.R. 12(C)-(D). "The decision as to whether to permit the untimely filing of a motion to suppress, under Crim.R. 12, will not be reversed on appeal absent a showing of an abuse of discretion." *State v. Lough*, 9th Dist. Summit No. 21547, 2004-Ohio-596, ¶ 5. An abuse of discretion "implies that the court's attitude is unreasonable,

arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶31} Mr. Hamilton was arraigned on December 1, 2016. He filed his motion to suppress over eight months later, on August 9, 2017, and the trial court denied it as untimely. He now argues "[j]ustice requires that the court should have permitted an untimely filing of the motion to suppress" because "the stakes were high" and "discovery was ongoing[.]"

{¶32} Crim.R. 12(D) permits the trial court, in the interest of justice, to extend the time for making pretrial motions. Moreover, the failure to file a timely motion to suppress results in a waiver of that issue, "but the court for good cause shown may grant relief from the waiver." Crim.R. 12(H). The trial court noted in its order that Mr. Hamilton "did not move the [c]ourt for an extension of time to file his [m]otion to [s]uppress" and "ha[d] not attempted to establish that he had good cause for the untimely filing of the [m]otion to [s]uppress." The court further noted that even if Mr. Hamilton had moved the court for leave to file his untimely motion, it could only extend the time to file if it is "in the interest of justice" to do so. *See* Crim.R. 12(D). This Court has previously noted that "[a]rguably, it might be 'in the interest of justice' for such extension of time where a defendant is unaware of the nature of the testimony that would have formed the basis for the motion." *State v. Pelsozy*, 9th Dist. Summit No. 23297, 2007-Ohio-148, ¶ 8, citing *Lough* at ¶ 6. The trial court found that the content of an audio disc, which was the basis of Mr. Hamilton's motion, was made available to him eight months prior to the filing of his motion, and a written transcript of the audio disc was made available to him four months prior to the filing of

his motion. It is therefore unlikely the trial court would have granted Mr. Hamilton leave to file his untimely motion to suppress even if he had requested it.

{¶33} Mr. Hamilton failed to comply with the Crim.R. 12(D) deadline for filing motions to suppress and never sought leave or showed good cause to file an untimely motion. The trial court therefore did not err or abuse its discretion in denying the motion as untimely.

{¶34} Mr. Hamilton's fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR SIX

THE COURT ERRED IN IMPROPERLY RELYING ON UNSUBSTANTIATED ALLEGATIONS OF OTHER IMPROPRIETIES IN WHICH THE PROSECUTOR IMPROPERLY PRESENTED IN THE SENTENCING OF MR. HAMILTON.

{¶35} In his sixth assignment of error, Mr. Hamilton argues that the trial court improperly relied on comments made by the prosecutor and victims at sentencing regarding prior incidents in which there were no convictions. We disagree.

{¶36} Mr. Hamilton argues that past incidents unsupported by convictions are "well beyond the reasonable scope of sentencing." However, this Court has stated: "'Ohio law is clear that [u]nindicted acts * * * can be considered in sentencing without resulting in error when they are not the sole basis for the sentence.'" *State v. Taylor*, 9th Dist. Summit No. 27867, 2016-Ohio-3439, ¶ 16, quoting *State v. D'Amico*, 9th Dist. Summit No. 27258, 2015-Ohio-278, ¶ 6, quoting *State v. Clemons*, 2d Dist. Montgomery No. 26038, 2014-Ohio-4248, ¶ 7. Mr. Hamilton has not argued that these past incidents were the sole basis for his sentence. Upon our own review of the record, we determine that the trial court perhaps considered the unindicted acts, but we find no indication that those acts served as the sole basis for its sentence. *See Taylor* at ¶ 17.

{¶37} Mr. Hamilton's sixth assignment of error is overruled.

III.

**{¶38}** Mr. Hamilton's assignments of error are all overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.