[Cite as *State v. Christian*, 2025-Ohio-2976.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

TIMOTHY CHRISTIAN

    Appellant

C.A. No.    31095

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2023-11-3899-B

DECISION AND JOURNAL ENTRY

Dated: August 20, 2025

FLAGG LANZINGER, Judge.

{¶1}  Timothy Christian appeals from the judgment of the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}  A grand jury indicted Christian on the following seven counts: aggravated arson in violation of R.C. 2909.02(A)(3), complicity in the commission of an offense (i.e., aggravated arson) in violation of R.C. 2923.03(A)(1), conspiracy to commit aggravated arson in violation of R.C. 2923.01(A)(1), two counts of felonious assault in violation of R.C. 2903.11(A)(1), and two counts of felonious assault in violation of R.C. 2903.11(A)(2).

{¶3}  The record reflects that the charges were based upon allegations that Christian hired his co-defendant to set fire to his (Christian's) mother's house to obtain insurance monies. According to the State, Christian drove his co-defendant to Home Depot and provided the funds for his co-defendant to purchase multiple gasoline cannisters.  Christian's co-defendant then

poured gasoline all over Christian's mother's house and started a fire on August 15, 2022. Meanwhile, Christian went to Cleveland that evening to create an alibi. The Akron Fire Department responded to the fire. At least two firefighters sustained injuries as a result of the fire.

{¶4} Christian initially pleaded not guilty but later changed his plea to guilty on the day of trial. In exchange, the State agreed to dismiss some of the charges against him. Christian later moved to withdraw his guilty plea prior to sentencing, which the trial court granted.

{¶5} A grand jury issued a supplemental indictment on counts for bribery in violation of R.C. 2921.02(C), and intimidation of an attorney, victim, or witness in a criminal case in violation of R.C. 2921.04(A). Christian and the State later reached a plea agreement. The State and defense counsel discussed the terms of their agreement on the record at a change of plea hearing, and memorialized them in a written plea form.

{¶6} As part of the plea agreement, Christian agreed to plead guilty to all counts except the counts for bribery and intimidation. In exchange for his guilty plea, the State agreed to dismiss the counts for bribery and intimidation. At the change of plea hearing, the State noted that:

> there is restitution that will be requested by the fire department, possibly the State Fire Marshal, under the statute of arson, which we can present at the time of sentencing. They need to present an itemized document with their request, and we will provide that at the time of sentencing. We will provide it to counsel as well.

The written plea form reflects that "Restitution for fire investigation to be determined[.]"

{¶7} The trial court engaged in a Crim.R. 11 colloquy with Christian, after which Christian pleaded guilty per the terms of the plea agreement. The trial court accepted Christian's plea, found him guilty, and set the matter for sentencing.

{¶8} At the sentencing hearing, one of the victim firefighters, along with his wife and daughter, addressed the trial court. They explained the nature and extent of the firefighter's injuries and the effect the incident had on their family. The firefighter explained that he was

thrown several feet into the side of a neighbor's house after an explosion blew the front door off Christian's mother's house. The firefighter explained that he suffered 25 injuries, including a concussion, broken bones, torn ligaments, broken teeth, and retrograde amnesia. The firefighter described the emotional impact the incident had on him, his family, and other members of the Akron Fire Department who witnessed the event and assumed he was dead and/or would not survive the ambulance ride to the hospital. The firefighter asked the trial court to impose the maximum sentence.

{¶9} The State then addressed the trial court. The State explained that Christian continued to fail to take responsibility for his actions and requested that the trial court impose a prison sentence of 22 to 26 years. The State also requested that Christian "pay the cost of the arson investigation . . . to be paid joint and several with the co-defendant pursuant to the itemized document [the State] provided, which was $42,549.70."

{¶10} Christian then addressed the trial court, explaining that he was celebrating his birthday in Cleveland on the night of the fire. Christian also explained how his incarceration had affected him and his family, and asked for compassion and leniency. Christian further explained that he had been a victim of arson in the past, and that he appreciated the bravery and hard work of the Akron Fire Department.

{¶11} The trial court then addressed Christian. The trial court explained the history of the case, including Christian's prior withdrawal of his guilty plea. The trial court also explained that, despite Christian pleading guilty twice, Christian continued to make excuses and did not take responsibility for his actions. The trial court noted that, while Christian claimed to be a victim of arson in the past, the court was concerned that Christian had been involved in two other fires prior

to the underlying incident. The trial court then summarized the physical and emotional harm Christian's actions had on the victims, their families, and members of the Akron Fire Department.

{¶12} After merging some of the counts, the trial court sentenced Christian to 8 to 12 years in prison for the count of aggravated arson, 7 to 10.5 years in prison for one of the counts of felonious assault, and 7 years to 10.5 years in prison for the other count of felonious assault. The trial court then ordered the sentences to run consecutively for a total prison term of 22 to 26 years. The trial court also ordered Christian to pay $42,549.70 in restitution, jointly and severally with his co-defendant, to the City of Akron, Department of Public Safety (Division of Police and Fire – Fire Investigation Bureau).

{¶13} Christian now appeals his sentence, raising three assignments of error for this Court's review.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN IMPOSING RESTITUTION WITHOUT COMPLYING WITH THE REQUIREMENTS OF [R.C.] 2929.71.

{¶14} In his first assignment of error, Christian argues that the trial court erred by imposing restitution because the trial court failed to comply with the requirements of R.C. 2929.71. For the following reasons, this Court overrules Christian's first assignment of error.

{¶15} R.C. 2929.71 allows public agencies to seek reimbursement from convicted arsonists for the costs incurred during the investigation of a fire or explosion. The statute sets forth the procedure a trial court must follow, including: (1) entering an order that directs an agency to submit an itemized statement of costs; (2) holding a hearing on the itemized statements that "may be held on the same day as the sentencing[,]" during which the agency has the burden of establishing by a preponderance of the evidence that it incurred the costs reflected in the itemized statements, and that the defendant "has assets available for the reimbursement of all or a portion

of the costs[;]" and (3) following the hearing, determining whether the agency met its burden. R.C. 2929.71(B)-(D).

{¶16} Here, the written plea form reflects that "Restitution for fire investigation to be determined[.]" At the change of plea hearing, the State explained:

> there is restitution that will be requested by the fire department, possibly the State Fire Marshal, under the statute of arson, which we can present at the time of sentencing. They need to present an itemized document with their request, and we will provide that at the time of sentencing. We will provide it to counsel as well.

{¶17} During the sentencing hearing, the State presented an itemized statement of all the costs associated with the arson investigation, which Christian did not object to or otherwise challenge. The costs reflected in the itemized statement totaled $42,549.70, which is the amount the trial court ordered Christian to pay jointly and severally with his co-defendant.

{¶18} At no point did Christian object to the trial court's purported failure to follow the procedures set forth in R.C. 2929.71. Nor did Christian object to the amount of restitution the trial court ordered, or argue that he had no ability to pay that amount. Instead, Christian raises this issue for the first time on appeal. Because Christian failed to raise this issue at the trial court, he is limited to arguing plain error on appeal. *See State v. Krowiak*, 2022-Ohio-413, ¶ 37 (9th Dist.); *State v. Parks*, 2024-Ohio-5026, ¶ 72 (2d Dist.). Christian has not developed a plain error argument on appeal, and this Court will not develop one on his behalf. *Krowiak* at ¶ 37. As a result, Christian's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN SENTENCING MR. CHRISTIAN TO CONSECUTIVE SENTENCES.

{¶19} In his second assignment of error, Christian argues that the trial court erred by sentencing him to consecutive sentences. For the following reasons, this Court disagrees.

{¶20} "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Hamilton*, 2019-Ohio-1829, ¶ 11 (9th Dist.), quoting *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus. "The Supreme Court of Ohio has held that 'an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Stevens*, 2017-Ohio-5482, ¶ 10 (9th Dist.), quoting *State v. Marcum*, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶21} "Ohio law presumes that a defendant convicted of multiple crimes will serve his sentences concurrently." *State v. Glover*, 2024-Ohio-5195, ¶ 38, citing R.C. 2929.41(A). "A court may impose consecutive sentences only when some law specifically permits it to do so." *Glover* at ¶ 38. "R.C. 2929.14(C)(4) is one such law." *Id.*

{¶22} Under R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. First, the trial court must find that: (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender . . . ." R.C. 2929.14(C)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public . . . ." *Id.* Third, the trial court must find at least one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶23} "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry . . . ." *State v. Bonnell*, 2014-Ohio-3177, syllabus. A trial court is not, however, required to explain its findings before imposing consecutive sentences. *Id.* "[T]he record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences[,]" but:

> a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

*Bonnell* at ¶ 28-29. "R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify consecutive sentences only if the record does not 'clearly and convincingly' support the trial court's R.C. 2929.14(C)(4) consecutive-sentence findings." *State v. Gwynne*, 2023-Ohio-3851, ¶ 13.

{¶24} Here, the trial court made findings under R.C. 2929.14(C)(4) at the sentencing hearing and incorporated its findings into its sentencing entry. Regarding the factors set forth in R.C. 2929.14(C)(4)(a)-(c), the trial court found that:

> at least two of the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great and

unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of the conduct.

*See* R.C. 2929.14(C)(4)(b).

{¶25} On appeal, Christian does not argue that the trial court failed to make the required findings under R.C. 2929.14(C)(4). Instead, Christian argues that the record fails to support the trial court's finding that a single prison term would not adequately reflect the seriousness of the crimes under R.C. 2929.14(C)(4)(b). Christian also argues that the trial court increased his sentence because "he had the audacity to want to go to trial, then enter a plea." Christian further argues that the trial court used his statements about being a victim of arson to increase his sentence.

{¶26} Christian has failed to demonstrate that the record does not support the trial court's findings in support of consecutive sentences. Christian pleaded guilty, which "is a complete admission of [his] guilt." Crim.R. 11(B)(1). According to the State, Christian hired his co-defendant to set fire to his (Christian's) mother's house to obtain insurance monies. At least two firefighters sustained injuries as a result of the fire. As previously noted, one of the victim firefighters, along with his wife and daughter, addressed the trial court at the sentencing hearing. They explained the nature and extent of the firefighter's injuries and the effect the incident had on their family. The firefighter explained that he was thrown several feet into the side of a neighbor's house after an explosion blew the front door off Christian's mother's house. The firefighter explained that he suffered 25 injuries, including a concussion, broken bones, torn ligaments, broken teeth, and retrograde amnesia. The firefighter described the emotional impact the incident had on him, his family, and other members of the Akron Fire Department who witnessed the event and assumed he was dead and/or would not survive the ambulance ride to the hospital.

{¶27} At sentencing, the trial court explained the history of the case, including Christian's prior withdrawal of his guilty plea. The trial court also explained that, despite Christian pleading

guilty twice, Christian continued to make excuses and did not take responsibility for his actions. The trial court noted that, while Christian claimed to have been a victim of arson in the past, the court was concerned that Christian had been involved in two other fires prior to the underlying incident. The trial court then summarized the physical and emotional harm Christian's actions had on the victims, their families, and members of the Akron Fire Department.

{¶28} Despite his arguments to the contrary, the record does not indicate that the trial court imposed consecutive sentences to punish Christian for his actions throughout the underlying proceedings (i.e., pleading guilty, withdrawing his guilty plea, and then pleading guilty again), or because Christian claimed to have been a victim of arson in the past. Nor does the record indicate the trial court's findings under R.C. 2929.14(C)(4) were not supported by the record. Instead, the record indicates that the trial court made the required findings at the sentencing hearing, incorporated its findings into the sentence entry, and that the record clearly and convincingly supports those findings. *See* R.C. 2953.08(G)(2); *Bonnell*, 2014-Ohio-3177, at ¶ 28-29. Accordingly, Christian's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY SENTENCING MR. CHRISTIAN TO A DISPROPORTIONATE SENTENCE COMPARED TO SIMILARLY SITUATED OFFENDERS.

{¶29} In his third assignment of error, Christian argues that the trial court erred by imposing a sentence that was disproportionate to the sentence his co-defendant received. For the following reasons, this Court overrules Christian's third assignment of error.

{¶30} R.C. 2929.11(B) provides that felony sentences shall be "consistent with sentences imposed for similar crimes committed by similar offenders." As this Court has stated:

> "Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a

range of sentences and takes into consideration a trial court's discretion to weigh relevant statutory factors. [The task of an appellate court is to examine the available data, not to determine if the trial court has imposed a sentence that is in lockstep with others, but to determine whether the sentence is so unusual as to be outside the mainstream of local judicial practice.] Although offenses may be similar, distinguishing factors may justify dissimilar sentences."

(Alterations in original.) *State v. Zaharie*, 2010-Ohio-3542, ¶ 13 (9th Dist.), quoting *State v. Marriott*, 2009-Ohio-2323, ¶ 37 (2d Dist.).

**{¶31}** "This Court has held that 'two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment.'" *State v. Hamilton*, 2019-Ohio-1829, ¶ 13 (9th Dist.), quoting *State v. Babb*, 2007-Ohio-5102, ¶ 6 (9th Dist.). "Consequently, an appellant cannot establish, either at trial or on appeal, that his sentence is contrary to law because of inconsistency by providing evidence of other cases showing similarly situated offenders who received sentences that are different from his own sentence." *Hamilton* at ¶ 13, quoting *State v. Carmel*, 2017-Ohio-7589, ¶ 7 (9th Dist.). "While consistent sentences are not derived from case-by-case comparisons, consistency is ensured by the trial court's proper application of the statutory sentencing guidelines." *Hamilton* at ¶ 13, quoting *Carmel* at ¶ 7.

**{¶32}** Here, Christian bases his entire argument upon the premise that his sentence is "highly disproportionate" to his co-defendant's sentence. Yet information regarding his co-defendant's sentence is not part of the record on appeal. *State v. Maxwell*, 2014-Ohio-1019, ¶ 179, quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus ("A reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."). Even if information regarding Christian's co-defendant's sentence was part of the record on appeal, Christian has not argued that the trial court improperly applied the statutory sentencing guidelines. Consequently, Christian's

argument lacks merit. *See State v. Sanford*, 2021-Ohio-1619, ¶ 61 (9th Dist.) (Carr, J., concurring in part), citing *Carmel* at ¶ 7 and *Zaharie* at ¶ 13 ("[Appellant] has not argued that the trial court improperly applied the statutory sentencing guidelines, and, instead, focuses only on comparing his sentence to that of other defendants. Given our precedent, his argument is without merit."). Christian's third assignment of error is overruled.

## III.

{¶33} Christian's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

JACOB T. WILL and MARIA DICOLA, Attorneys at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.