DECISION AND JOURNAL ENTRY
{¶ 1} Appellant appeals his conviction for obstructing official business entered by the Akron Municipal Court. We affirm.
 I. {¶ 2} On September 9, 2002, police officers from the Akron Police Department went to a residence at 1142 Manning Street in Akron, in order to investigate arrest warrants for a George Lough, AKA Johnny Lough. The criminal charges on the warrants were aggravated arson, aggravated burglary, resisting arrest, and receiving stolen property. The warrants came to the attention of the Akron Police when a road division sergeant stopped a vehicle with improper license plates, which was driven by Carol Lough. When the sergeant entered the license plate number into the police computer to ascertain ownership and registration information, the computer indicated that the Summit County Sheriff's Office had warrants on file for Appellant, who is Carol's husband and the owner of the license plates. Carol explained that Appellant's brother, George Lough, had stolen Appellant's identity and that the warrants were actually for George. Carol told the sergeant that Johnny was at 1142 Manning St.; while other officers went to the address to investigate the circumstances of the warrants, the sergeant remained at the scene of the traffic stop with Carol. When arriving at the address, the police officers gained entry to the house and encountered Appellant coming down a flight of stairs. Appellant did not identify himself, but asked the police to leave the house. The encounter grew more belligerent and the police ultimately placed Appellant under arrest for obstructing official business in violation of Akron Code of Ordinances Sec. 136.11. Sec. 136.11 states that:
"[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."
 {¶ 3} The Appellant pled not guilty and the matter was tried to the bench. The trial court found Appellant to be guilty. Appellant timely appealed, raising two assignments of error; we address the second assignment of error first to facilitate review.
 II. Assignment of Error No. 2
"The trial court erred by allowing evidence to be admitted after it learned that the police officers lacked permission to enter the premises because the officers were not pursuing a lawful duty."
 {¶ 4} In his second assignment of error, Appellant argues that the trial court should have granted his untimely motion to suppress the evidence obtained by the police after they entered the dwelling, because the police did not have permission to enter the residence. Appellant further argues that because the police officers did not have permission to enter his house, Appellant could not have obstructed official business because the police were not in the house for any lawful purpose.
"The following must be raised before trial:
"* * *
"(3) Motions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained." Crim.R. 12(C)(3).
 {¶ 5} Failure to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court, constitutes waiver; however, for good cause shown the trial court may grant relief from the waiver. Crim.R. 12(H);State v. F.O.E. Aerie 2295 (1988), 38 Ohio St.3d 53, 54. The decision as to whether to permit the untimely filing of a motion to suppress, under Crim.R. 12, will not be reversed on appeal absent a showing of an abuse of discretion. Akron v. Milewski
(1985), 21 Ohio App.3d 140, 142. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency."Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 6} Appellant asked the trial court to disallow further testimony from one police officer when the officer testified that they went inside the residence, but couldn't "remember specifically" what words the officers used to announce to occupants what they were doing. Appellant stated that the testimony proved that the police did not have permission to enter the residence and, therefore, any further testimony should be disallowed. The trial court pointed out that a motion to suppress at that point was untimely and denied the motion. Appellant argues that he was precluded from filing the motion because he had no advance knowledge of the officers' testimony; however, Appellant knew his own testimony would be that there was no permission to enter and that could have formed the basis of a motion to suppress. We find no abuse of discretion in the trial court's ruling.
 {¶ 7} As for the argument that the officers' testimony indicated that they were there for no lawful purpose:
"If there is sufficient evidence of a citizen's participation in a felony to persuade a judicial officer that his arrest is justified, it is constitutionally reasonable to require him to open his doors to the officers of the law. Thus, for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." Payton v. New York (1980),445 U.S. 573, 602-603.
 {¶ 8} The police testified that they were investigating a warrant for Appellant, they were at Appellant's residence, and they heard people inside which gave them reason to believe Appellant was there; therefore, the police were there for a legal purpose.
 {¶ 9} This assignment of error is overruled.
 Assignment of Error No. 1
"the trial court abused its discretion by allowing the trial to go forward when defense was denied an opportunity to review possibly exculpatory evidence."
 {¶ 10} Appellant argues that the State did not comply with discovery when the State did not disclose that the officers would testify that they did not have permission to enter the residence and the State failed to surrender a recording of the radio traffic which would show that the officers lacked permission to enter. Appellant further claims that, due to the noncompliance, he was precluded from filing a timely motion to suppress any evidence obtained subsequent to the entrance into the residence. Appellant states that the State did not comply in spite of a discovery demand and an order to comply from the court.[1]
 {¶ 11} As for the denial of a motion to suppress, we review a trial court's resolution of discovery issues for an abuse of discretion.
 {¶ 12} Crim.R.16(B)(1) states that, in discovery, the following is subject to disclosure by the prosecutor:
"(c) Documents and tangible objects. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books papers, documents, photographs, tangible objects, building or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant.
"* * *
"(f) Disclosure of evidence favorable to defendant. Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment."
 {¶ 13} At any time during the course of proceedings, if it is brought to the court's attention that a party has failed to comply with the discovery rules, the court may order the non-complying party to permit the discovery, may grant a continuance, or may prohibit the party from introducing in evidence the material not disclosed, or may issue any other order as the court deems just under the circumstances. Crim.R.16(E)(3).
 {¶ 14} During the testimony of one officer who stated he did not hear a response from inside the house when the police announced their presence, Appellant stated he wished to renew his objection, and if the state had provided proper discovery, Appellant could have filed a timely motion to suppress evidence. When questioned by the court as to what discovery was lacking, Appellant's counsel replied, "The tapes." The trial court replied that there was no testimony about tapes. The transcript then indicates the following exchange between Appellant's counsel and the court:
"Mr. Shenise: Your honor, I'm going to renew my objection I made earlier and I want to add to it that you indicated that this should have been done by a motion to suppress. If the State had given us proper discovery, we would have done these issues.
"The Court: Like what?
"Mr. Shenise: The tapes.
"The Court: [There] is nothing about a tape so far here.
"Mr. Shenise: Yes, it is. They're saying they called back, they testified the door was shut, they were told to go in. We would have known this if they weren't there to arrest, if they were there to `investigate' if we would have had these tapes.
"The Court: I don't know what the tapes say. At this point, you don't know what the tapes say, you said.
"Mr. Shenise: That's correct.
"The Court: So how could the tapes being in or out have anything to do with the testimony we're hearing today? I mean, tell me, because I don't understand it.
"Mr. Shenise: Well, I can't give you that, your honor, but the radio traffic they're saying we called back, we did this, we did that.
"The Court: But you've had 3 in court witnesses testify to the exact same thing. I mean, it either happened or it didn't. Discovery would not have given you any more information."
 {¶ 15} Here Appellant argues that all the police officers were testifying that they did not have permission to enter the house; something that Appellant could prove to be correct if he were given radio tapes of the conversations. However, there is no testimony that tapes exist, or, if they do exist, what conversations between the officers would have been captured on them. Further, the trial court is correct in that any tapes matching the officers' testimony would be redundant evidence. This assignment of error is overruled.
 III. {¶ 16} Appellant's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
Slaby, P.J., concurs.
Carr, J., concurs in Judgment Only.
[1] We note that the record contains two orders to produce records signed by the trial judge; both are addressed to area hospitals. There is no order to compel the State to produce discovery.