DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant, Mark A. Pelsozy, appeals the decision of the Cuyahoga Falls Municipal Court that denied a motion to suppress all statements, scientific evidence, tests and videotaped evidence related to Defendant's arrest for Operating a Vehicle Under the Influence and related charges. We affirm.
 {¶ 2} On February 6, 2006, Defendant was cited for operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a), driving with a prohibited blood alcohol concentration, in violation of R.C. 4511.19(A)(1)(d), weaving, in violation of Codified Ordinance of Stow, Ohio ("Stow Ordinance") 331.34(b), and driving outside of marked lanes in violation of Stow Ordinance 331.08(a).
 {¶ 3} Defendant appeared in the Cuyahoga Falls Municipal Court on February 8, 2006, and pled not guilty to all charges. A pretrial was held on March 10, 2006, during which Defendant requested a jury trial that was then set for April 11, 2006. Thereafter, on March 29, 2006, Defendant moved to suppress all statements, scientific evidence, tests and videotaped evidence related to his arrest ("Motion to Suppress"). On April 4, 2006, the trial court denied the Motion to Suppress as being untimely filed. Defendant moved the trial court to reconsider its decision on April 4, 2006 ("Motion for Reconsideration), which the trial court denied on April 11, 2006. Defendant appealed this trial court's denial of the Motion to Suppress and related Motion for Reconsideration, which appeal was dismissed by this Court for lack of a final appealable order. The trial was rescheduled several times thereafter with the final date being June 27, 2006. On June 27, 2006, the Defendant pled no contest to driving with a prohibited blood alcohol concentration and the other charges were dismissed. The trial court then sentenced the Defendant but suspended the sentence pending appeal. Defendant timely appeals and raises one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court improperly denied [Defendant's] Motion to Suppress."
 {¶ 4} In his sole assignment of error, Defendant asserts that the trial court abused its discretion when it denied the Motion to Suppress. While the law and argument section of Defendant's brief asserts that trial court also erred in denying Defendant's Motion for Reconsideration and/or in not conducting a hearing related to that motion, we decline to review any such errors as they are not contained in a separate assignment of error as required by Loc.R. 7(B)(7) and App.R. 16(A)(7).
 {¶ 5} Regarding pretrial motions, Crim.R. 12(C)(3) provides that a motion to suppress evidence is a motion that must be raised prior to trial. Further, Crim.R. 12(D) states, in pertinent part, that "[a]ll pretrial motions * * * shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. [However,] [t]he court in the interest of justice may extend the time for making pretrial motions."
 {¶ 6} A defendant's failure to timely file a motion to suppress results in a waiver of that issue, "but the court for good cause shown may grant relief from the waiver." Crim.R. 12(H). The decision as to whether to permit leave to file an untimely motion to suppress is within the sound discretion of the trial court. Akron v. Milewski (1985), 21 Ohio App.3d 140, 142, 487 N.E.2d 582. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 7} Pursuant to Crim.R. 12(D), Defendant's Motion to Suppress was due on March 15, 2006 (35 days after he was arraigned on February 8, 2006).[1] Here, Defendant filed the Motion to Suppress on March 29, 2006, 49 days after he was arraigned. He did not even attempt to establish that he had good cause for the untimely filing of the Motion to Suppress. Neither did Defendant move the court for an extension of time to file his Motion to Suppress. Only in his motion for reconsideration, filed on April 4, 2006, did Defendant address the timeliness issue by asserting that the motion was filed untimely because of the difficulty in being able to review a video tape of his arrest. Thus, the trial court properly denied the Motion to Suppress and attendant request for a hearing as being untimely filed.
 {¶ 8} Even if Defendant has moved the trial court for leave to file the Motion to Suppress outside the time limit set forth in Crim.R. 12(D), a trial court may only extend the time limit if there has been a showing that it is "in the interest of justice" to do so. Crim.R. 12(D). Arguably, it might be "in the interest of justice" for such extension of time where a defendant is unaware of the nature of the testimony that would have formed the basis for the motion. See State v. Lough, 9th Dist. No. 21547, 2004-Ohio-596, at ¶ 6. Here, however, Defendant argues that it was only after viewing the video tape that he realized that he needed to file the motion to suppress, yet most of the issues raised in the Motion to Suppress (inclement weather, challenges related to the stop and detainment because of the inclement weather, breath alcohol tests and right to counsel) could have been raised absent the video tape based on the information and knowledge of the Defendant. See,Lough, at ¶ 6. Moreover, Defendant's reasons for not being able to view the videotape, raised in the motion for reconsideration, i.e., being unaware of the existence of the tape until the pretrial, needing prosecutor approval, and defense counsel's schedule, do not demonstrate that it would be in the best interest of justice to allow an untimely motion to suppress. Defendant had five days from the date he learned of the video tape to view it and still file his Motion to Suppress by the March 15, 2006 deadline or alternatively to file a motion for leave to file the Motion to Suppress outside of rule.
 {¶ 9} Defendant's assignment of error is overruled. The decision of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WHITMORE, J. BAIRD, J., CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Although Crim.R. 12(D) also provides for the filing of the Motion to Suppress seven days prior to trial, which would have been by March 27, 2006, it is only the earlier of either this date or 35 days after arraignment that is applicable. March 15, 2006, is earlier than March 26, 2006, thus the filing deadline was March 15, 2006.