[Cite as *State v. Atkinson*, 2020-Ohio-315.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No. 19CA011466 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEVEN ATKINSON | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 16CR094593 |

DECISION AND JOURNAL ENTRY

Dated: February 3, 2020

CARR, Judge.

{¶1} Defendant-Appellant Steven Atkinson appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In September 2016, a nine count indictment was filed charging Atkinson with four counts of trafficking in drugs, one count of possession of drugs, one count of tampering with evidence, one count of having weapons while under disability, one count of possessing criminal tools, and one count of obstructing official business. A major drug offender specification accompanied one of the counts of trafficking in drugs and the count of possession of drugs. A forfeiture specification accompanied five of the charges.

{¶3} In May 2017, Atkinson's counsel filed a motion requesting that the trial court order the State to produce copies of "the seizure warrant, the search warrant, affidavit, and returns which were not provided to Defendant in discovery." The trial court granted the motion

on October 17, 2017, and ordered the State to produce the materials on or before October 31, 2017. On March 16, 2018, the trial court entered an order indicating that the State was to provide the search warrant by April 20, 2018. On March 21, 2018, the State filed a notice indicating that it had provided Atkinson's counsel with the search warrants and search warrant affidavits.

{¶4} In June 2018, Atkinson's counsel filed a motion to suppress all evidence obtained via the search warrants. Atkinson's counsel requested an evidentiary hearing. The trial court denied the motion, concluding that it was untimely. The trial court noted that Atkinson provided no reason for the late filing and did not seek leave to file the motion. In August 2018, Atkinson's counsel filed a motion for reconsideration. The trial court granted the motion for reconsideration and considered the merits of the motion to suppress but did not hold an evidentiary hearing. The trial court then denied the motion to suppress. Atkinson retained new counsel in September 2018.

{¶5} The record reflects that Atkinson entered a no-contest plea to the indictment in November 2018. Included in the record is a copy of the written plea agreement. However, the January 7, 2019 judgment entry of conviction reflects that Atkinson pleaded guilty. Atkinson was sentenced to an aggregate term of 11 years in prison.

{¶6} Atkinson appealed, raising two assignments of error. In light of the inconsistency concerning whether Atkinson entered a no contest or a guilty plea to the charges, this Court remanded the matter to the trial court to clarify the record. Thereafter, the trial court issued an entry reflecting that Atkinson entered a no contest plea to the charges. The record on appeal was subsequently supplemented.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT
A HEARING ON THE MOTION TO SUPPRESS[.]

{¶7} Atkinson argues in his first assignment of error that the trial court erred in failing to hold a hearing on the motion to suppress.

{¶8} It is undisputed that Atkinson's motion to suppress, captioned: "Motion to Suppress all Evidence Obtain[ed] by Search Warrants with Evidentiary Hearing Requested[,]" was untimely filed. *See* Crim.R. 12(D). The trial court initially denied Atkinson's motion to suppress on that basis. In so doing, it pointed out that Atkinson "posited no reason for his late filing nor [did] he [seek] leave to file out of rule." (Emphasis omitted.)

{¶9} Thereafter, Atkinson filed a motion captioned: "Motion for Reconsideration of Defendant's Motion to Suppress all Evidence Obtained by Search Warrants with Evidentiary Hearing Requested[.]" In that motion, in a conclusory fashion, Atkinson asked the trial court to reconsider its entry denying the motion as untimely and "rule on the merits" of the motion. Atkinson did not provide a reason for his untimely filing. Thus, the trial court should have denied Atkinson's motion for reconsideration. *See State v. Pelsozy*, 9th Dist. Summit No. 23297, 2007-Ohio-148, ¶ 4-8; *State v. Hamilton*, 9th Dist. Lorain No. 17CA011238, 2019-Ohio-1829, ¶ 29-33; *see also* Crim.R. 12(D) ("The court in the interest of justice may extend the time for making pretrial motions."); Crim.R. 12(H) ("Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court pursuant to division (D) of this rule, or prior to any extension of time made by the court, shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver."). And while Atkinson did request an evidentiary hearing in his original

motion, in the motion for reconsideration, Atkinson did not do so and instead specifically "request[ed] that [the trial court] reconsider [its] Journal Entry [denying the motion to suppress] and rule on the merits of Defendant's Motion to Suppress." (Emphasis omitted.) Thus, Atkinson received exactly what he requested in his motion for reconsideration, a ruling on the merits of his motion to suppress. Given the contents of Atkinson's motion to reconsider, we cannot say that Atkinson has demonstrated that the trial court erred in denying him a hearing on the motion to suppress. *See* App.R. 16(A)(7).

{¶10} Further, even if we were to ignore the foregoing, to the extent that Atkinson asserted in his motion to suppress that the probable cause for the search warrant was based upon an illegally deficient affidavit and therefore violated *Franks v. Delaware*, 438 U.S. 154 (1978), Atkinson did not demonstrate he was entitled to a hearing.

{¶11} "There is * * * a presumption of validity with respect to the affidavit supporting [a] search warrant." *Franks* at 171. "In *Franks* * * *, the United States Supreme Court squarely addressed the issue of when a defendant, under the Fourth Amendment, is entitled to a hearing to challenge the veracity of the facts set forth in the warrant affidavit after the warrant has been issued and executed." *State v. Roberts*, 62 Ohio St.2d 170, 177 (1980).

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. * * * [I]f these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.

*Franks* at 171-172; *see also Roberts* at 177-178; *State v. Jackson*, 9th Dist. Lorain No. 14CA010593, 2015-Ohio-3520, ¶ 10.

{¶12} Here, in his motion, Atkinson did not point to the specific portions of the search warrant affidavit which contained the allegedly false statements. *See Franks* at 171. Moreover, the search warrant and accompanying affidavit are not in this Court's record. Additionally, Atkinson failed to support his allegations with an offer of proof. *See Roberts* at 178. Atkinson submitted no "affidavits or otherwise reliable statements" and also did not explain their absence. *Id.* at 178. Accordingly, Atkinson failed to make the showing necessary to overcome the affidavit's presumption of validity. *State v. Cubic*, 9th Dist. Medina No. 09CA0005-M, 2009-Ohio-5051, ¶ 12. Given his arguments, and the record before this Court, Atkinson has not demonstrated that the trial court erred in failing to hold a hearing on his motion.

{¶13} Atkinson's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

DEFENDANT ATKINSON WAS DENIED THE EFFECTIVE ASSISTANCE
OF TRIAL COUNSEL.

{¶14} In his second assignment of error, Atkinson maintains that his original trial counsel was ineffective in failing to file a timely motion to suppress, failing to file a motion for leave to file a motion to suppress, failing to file a motion to compel discovery, and by failing to question the "'trash pulls' and the location of the residence of [Atkinson]" in the motion to suppress that was filed.

{¶15} In order to prevail on a claim of ineffective assistance of counsel, Atkinson must show that trial "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Atkinson must show

that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland* at 687. Second, Atkinson must demonstrate that but for counsel's errors, there is a reasonable probability that the results of the trial would have been different. *Keith* at 534.

{¶16} While Atkinson's first trial counsel did not file a timely motion to suppress, a motion for leave to file a motion to suppress, or a motion to compel, trial counsel did file a motion to reconsider the denial of the motion to suppress, which the trial court granted. Even though we concluded above that the trial court should not have granted the motion for reconsideration based upon the record before it, Atkinson has not adequately demonstrated that, if he had filed a timely motion to suppress, it would have been granted. In cases where counsel completely failed to file a motion to suppress, this Court has held that, in order to prove ineffective assistance of counsel, "a defendant must prove that there was a basis to suppress the evidence in question. [And, i]n order to show prejudice, a defendant must demonstrate that there was a reasonable probability that the motion to suppress would have been granted." (Internal quotations and citations omitted.) *State v. Payne*, 9th Dist. Lorain No. 18CA011383, 2019-Ohio-4218, ¶ 25. As the search warrants and affidavits are not in this Court's record, this Court cannot consider them in determining whether a timely filed motion to suppress would have been successful. *See State v. Anderson*, 9th Dist. Summit No. 26600, 2013-Ohio-2786, ¶ 11. Thus, Atkinson's assertion that a timely filed suppression motion would have been granted is pure speculation. This is particularly so in light of the fact that, as discussed above, the untimely motion to suppress that was filed did not include an offer of proof sufficient to warrant a hearing under *Franks*.

**{¶17}** Atkinson also asserts that trial counsel failed to "question the 'trash pulls' and the location of the residence of [] Atkinson in the Motion to Suppress." However, Atkinson fails to explain how trial counsel's actions fell below an objective standard of reasonableness or prejudiced him. *See Reynolds*, 80 Ohio St.3d at 674; *see* App.R. 16(A)(7). Atkinson failed to demonstrate that his trial counsel was ineffective.

**{¶18}** Atkinson's second assignment of error is overruled.

III.

**{¶19}** Atkinson's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JACK W. BRADLEY, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.