[Cite as *State v. Jackson*, 2023-Ohio-4467.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | | C.A. Nos. 21AP0017 |
|---|---|---|
| | | 21AP0020 |
| Appellee | | |
| | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| TIMOTHY M. JACKSON | | WAYNE COUNTY MUNICIPAL COURT |
| | | COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2020 TR-C 005551 |

DECISION AND JOURNAL ENTRY

Dated: December 11, 2023

CARR, Judge.

{¶1} Defendant-Appellant Timothy Jackson, Sr., appeals the judgment of the Wayne County Municipal Court. This Court affirms in part and reverses in part.

I.

{¶2} Following an October 2, 2020 traffic stop, a complaint was filed alleging that Jackson violated R.C. 4511.19(A)(1)(a) and 4511.19(A)(2). In April 2021, additional charges were filed alleging that Jackson violated R.C. 4511.19(A)(1)(j)(vii) and 4511.19(A)(1)(j)(viii)(I).

{¶3} The matter proceeded to a jury trial. The jury found Jackson guilty of the charges and the trial court sentenced Jackson accordingly.

{¶4} Jackson has appealed, raising three assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE
FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO
SUPPORT THE CHARGES LEVIED AGAINST MR. JACKSON[.]

{¶5}    Jackson argues in his first assignment of error that there was insufficient evidence

to support his convictions.  He limits his argument to two areas:  (1) that the State failed to prove

that Jackson had a prior conviction as required under R.C. 4511.19(A)(2); and (2) that the State

failed to demonstrate the required amount of marijuana or marijuana metabolite in Jackson's

blood.

{¶6}    When reviewing the sufficiency of the evidence, this Court must review the

evidence in a light most favorable to the prosecution to determine whether the evidence before the

trial court was sufficient to sustain a conviction.  *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to
> support a criminal conviction is to examine the evidence admitted at trial to
> determine whether such evidence, if believed, would convince the average mind of
> the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether,
> after viewing the evidence in a light most favorable to the prosecution, any rational
> trier of fact could have found the essential elements of the crime proven beyond a
> reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶7}    At trial, Sergeant Christian Wertz with the Smithville Police Department testified.

At the time of the October 2020 traffic stop, Sergeant Wertz was a patrol officer.  Sergeant Wertz

indicated that, around 12:30 a.m., he was patrolling and came to be driving behind a vehicle that

did not have a visible license plate.  He did not observe any driving infractions.  Sergeant Wertz

initiated a traffic stop.  Jackson was the driver of the vehicle, and his girlfriend was the passenger.

Sergeant Wertz noticed the odor of an alcoholic beverage coming from the vehicle as well as

Jackson himself and observed that Jackson's eyes were slightly red and glossy. Sergeant Wertz was able to discern that the odor was coming from Jackson as well because, when Sergeant Wertz asked Jackson to step outside the vehicle, Sergeant Wertz could still smell the odor coming from Jackson. Sergeant Wertz described the odor as being moderate but acknowledged later in his testimony that he had described it in the search warrant as being strong. According to Sergeant Wertz, Jackson stumbled slightly into the middle of the roadway after exiting the vehicle. Sergeant Wertz put his arm out a little bit for Jackson so that he did not fall over. Sergeant Wertz also noticed that Jackson's speech was slightly slurred.

{¶8} Jackson denied drinking alcohol. Jackson stated he had been at school and was picking up his girlfriend from work and was on his way home. Sergeant Wertz then asked Jackson to perform field sobriety testing which Jackson agreed to.

{¶9} Sergeant Wertz indicated that he observed all six clues in the horizontal gaze nystagmus test, two clues out of eight in the walk and turn test, and three out of four clues in the one-legged stand test. As to the clues Jackson exhibited during the field sobriety testing, they included being unable to balance during the instructional phase, starting the test too soon, swaying, putting his foot down, and using his arms for balance. Sergeant Wertz averred that the results indicated to him that it was more likely than not that Jackson was under the influence of alcohol and or drugs. Jackson was placed under arrest and offered a breath test, which he refused.

{¶10} Sergeant Wertz testified that he looked up Jackson's driving history in LEADS and the LEADS report was admitted into evidence. Sergeant Wertz testified that Jackson had a prior OVI conviction in 2012. Sergeant Wertz also printed out a copy of the journal entry from the prior OVI case and that was marked as an exhibit and was also admitted into evidence. Defense counsel objected to the use of the judgment entry. Neither record is a certified copy.

{¶11} Sergeant Wertz advised Jackson of the increased penalties that would apply in light of the prior conviction if Jackson continued to refuse a breath test, but Jackson continued to refuse. Sergeant Wertz then procured a search warrant for a sample of Jackson's blood. The blood draw was conducted at the hospital and testing was carried out on the sample. Sergeant Wertz indicated that, at the hospital, Jackson seemed extremely paranoid. Sergeant Wertz explained that he was taught in training that marijuana does make some people paranoid. Sergeant Wertz received a report of the results, and a notarized copy was admitted into evidence. Defense counsel did not object to Sergeant Wertz's discussion of the report.

{¶12} Sergeant Wertz indicated that what the report refers to as THC is marijuana metabolite. The report listed the THC metabolite concentration as 40.49 ng/ml +/- 2.83 ng/ml and the THC concentration as 6.86 ng/ml +/- .68 ng/ml. An additional report which was admitted into evidence without objection demonstrated that alcohol was present in Jackson's blood.

{¶13} On appeal, Jackson has only raised two issues with respect to his sufficiency challenge, and the Court will limit its discussion accordingly.

{¶14} First, Jackson argues that the State failed to prove that Jackson had a prior conviction as required under R.C. 4511.19(A)(2). The State has conceded error on this point.

{¶15} Former R.C. 4511.19(A)(2) states:

No person who, within twenty years of the conduct described in division (A)(2)(a) of this section, previously has been convicted of or pleaded guilty to a violation of this division, a violation of division (A)(1) or (B) of this section, or any other equivalent offense shall do both of the following:

(a) Operate any vehicle, streetcar, or trackless trolley within this state while under the influence of alcohol, a drug of abuse, or a combination of them;

(b) Subsequent to being arrested for operating the vehicle, streetcar, or trackless trolley as described in division (A)(2)(a) of this section, being asked by a law enforcement officer to submit to a chemical test or tests under section 4511.191 of the Revised Code, and being advised by the officer in accordance with section

4511.192 of the Revised Code of the consequences of the person's refusal or submission to the test or tests, refuse to submit to the test or tests.

{¶16} Thus, "[t]here are three elements of a charge brought pursuant to R.C. 4511.19(A)(2): (1) a DUI conviction within 20 years of the current violation, (2) operation of a motor vehicle while under the influence of alcohol or drugs, and (3) a refusal to submit to a chemical test while under arrest for the current DUI." *State v. Hoover*, 123 Ohio St3d 418, 2009-Ohio-4993, ¶ 13. "Where the existence of a prior offense is an element of a subsequent crime, the State must prove the prior conviction beyond a reasonable doubt." *State v. Leasure*, 4th Dist. Ross No. 15CA3484, 2015-Ohio-5327, ¶ 35.

{¶17} Here the state attempted to comply with R.C. 2945.75(B) to establish Jackson's prior conviction. The statute provides in relevant part:

(1) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.

(2) Whenever in any case it is necessary to prove a prior conviction of an offense for which the registrar of motor vehicles maintains a record, a certified copy of the record that shows the name, date of birth, and social security number of the accused is prima-facie evidence of the identity of the accused and prima-facie evidence of all prior convictions shown on the record. The accused may offer evidence to rebut the prima-facie evidence of the accused's identity and the evidence of prior convictions. Proof of a prior conviction of an offense for which the registrar maintains a record may also be proved as provided in division (B)(1) of this section.

{¶18} However, the records that the State produced were not certified copies and thus fail to satisfy the statute. While the foregoing is not the only method to establish the existence of a prior conviction, *see State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, ¶ 22, this is the only method the State attempted to employ in this case. Thus, we agree with the State's concession. *See State v. Umstead*, 5th Dist. Holmes No. 16 CA 004, 2017-Ohio-8756, ¶ 28. The first portion

of Jackson's assignment of error is sustained as the State did not meet its burden to establish that Jackson was guilty of violating R.C. 4511.19(A)(2).

{¶19} Jackson additionally contends that the State failed to establish the amount of marijuana or marijuana metabolites in Jackson's blood as Sergeant Wertz should not have been able to testify about the results as he did not perform the testing and was not an expert.

{¶20} First, we note that Jackson did not object to Sergeant Wertz's testimony about the results and has not argued plain error on appeal. Further, we note that, in reviewing the sufficiency of the evidence, we are charged with considering all of the evidence admitted at trial, even if it was improperly admitted. *See State v. Carano*, 9th Dist. Summit No. 26544, 2013-Ohio-1633, ¶ 37. Moreover, the laboratory results were admitted as an exhibit and Jackson has not demonstrated that those results were insufficient to establish the challenged elements of the offenses at issue. *See* R.C. 4511.19(E).

{¶21} Jackson's first assignment of error is sustained in part and overruled in part.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN THE COURT ALLOW[ED] THE OFFICER TO TESTIFY REGARDING FIELD SOBRIETY TEST[S].

{¶22} Jackson argues in his second assignment of error that the trial court erred in allowing the results of the field sobriety tests into evidence as there was not sufficient evidence presented that they were conducted in substantial compliance with NHTSA standards.

{¶23} We conclude that Jackson has not preserved a challenge to this issue as he failed to file a motion to suppress.

{¶24} "A Crim.R. 12(C)(3) motion to suppress evidence is the proper vehicle to challenge the admissibility of evidence to prove an OMVI charge on a claim that it was not procured pursuant

to applicable standards or regulations." (Internal quotations and citations omitted.) *State v. Beavers*, 11th Dist. Ashtabula No. 2019-A-0028, 2020-Ohio-69, ¶ 15; *see also State v. French*, 72 Ohio St.3d 446, 449-451 (1995); *State v. Jones*, 9th Dist. Medina No. 17CA0070-M, 2019-Ohio-60, ¶ 5-6 (noting that an alleged lack of substantial compliance with NHTSA standards is a proper basis for a motion to suppress). A failure to challenge whether field sobriety tests were administered in substantial compliance with NHTSA standards is waived if not raised in a motion to suppress. *Beavers* at ¶ 17. Accordingly, Jackson cannot now challenge this issue on appeal.

**{¶25}** Jackson's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

MR. JACKSON WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT OF UNITED STATES CONSTITUTION.

**{¶26}** Jackson argues in his third assignment of error that he received ineffective assistance of counsel. Specifically, Jackson asserts that trial counsel was ineffective in failing to file a motion to suppress.

**{¶27}** In order to prevail on a claim of ineffective assistance of counsel, Jackson must show that trial "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Jackson must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland* at 687. Second, Jackson must demonstrate that but for counsel's errors, there is a reasonable probability that the results of the trial would have been different. *Keith* at 534.

{¶28} "Failing to file a motion to suppress does not constitute ineffective assistance of counsel per se. As this Court has stated, [c]ounsel's decision not to file a motion to suppress may be a matter of trial strategy, including counsel's reasonable assessment of whether such a motion is likely to succeed and recognition that filing a motion to suppress has risks." (Internal quotations and citations omitted.) *State v. Sampson*, 9th Dist. Wayne No. 22AP0026, 2023-Ohio-2342, ¶ 44. "In cases where counsel completely failed to file a motion to suppress, this Court has held that, in order to prove ineffective assistance of counsel, 'a defendant must prove that there was a basis to suppress the evidence in question. [And, i]n order to show prejudice, a defendant must demonstrate that there was a reasonable probability that the motion to suppress would have been granted.'" *State v. Atkinson*, 9th Dist. Lorain No. 19CA011466, 2020-Ohio-315, ¶ 16, quoting *State v. Payne*, 9th Dist. Lorain No. 18CA011383, 2019-Ohio-4218, ¶ 25.

{¶29} First, Jackson asserts that trial counsel should have filed a motion to suppress because the officer lacked reasonable suspicion to stop Jackson's vehicle. Jackson was stopped because Sergeant Wertz did not observe a visible license plate when he was following the vehicle Jackson was driving. *See* R.C. 4503.21. When questioned about whether there was a license plate, Sergeant Wertz indicated that upon further inspection there was. He testified at trial that, "upon walking up behind [the] vehicle there was a license, or a temporary license plate. The way it was sitting in his mirror, between the dust and soot on his back windshield and it was also behind the actual windshield wiper so it was unable to be visible from like a patrol car, unless you were standing right behind it." Given the testimony at trial, we cannot say that Jackson demonstrated that the officer lacked reasonable suspicion to stop the vehicle such that his trial counsel was ineffective in failing to file a motion to suppress as to that issue. *See State v. Flack*, 3d Dist. Union No. 14-22-24, 2023-Ohio-1705, ¶ 16.

**{¶30}** In addition, Jackson maintains that trial counsel was ineffective in failing to file a motion to suppress because the officer should not have continued to detain Jackson after the officer confirmed that Jackson had a valid temporary tag.

**{¶31}** "Not only must the State present facts to justify the initial stop, the State must also present facts that justify the duration of the seizure. When one has been detained so that the police may investigate a traffic violation, the police may detain the individual for the length of time necessary to check the driver's license and registration, and the vehicle's license plates." (Internal quotations and citations omitted.) *State v. Williams*, 9th Dist. Lorain No. 09CA009679, 2010-Ohio-3667, ¶ 15. However, "[i]f, during the investigation of the events that gave rise to the initial stop, the officer discovers additional facts from which it is reasonable to infer additional criminal activity[,] the officer is permitted to lengthen the duration of the stop to investigate such suspicions." *Id.*

**{¶32}** Here, at trial, there was evidence that when Sergeant Wertz initially approached the vehicle, he noticed an odor of alcohol coming from the vehicle and Jackson himself and observed that Jackson's eyes were slightly red and glossy. Sergeant Wertz continued to note indications of possible impairment during the stop as discussed above. Jackson has not demonstrated that trial counsel was ineffective in failing to file a motion to suppress based on the length of Jackson's detention.

**{¶33}** Finally, Jackson asserts that trial counsel was ineffective in failing to file a motion to suppress challenging the admission of the results of the field sobriety tests.

**{¶34}** Jackson argues that, at trial, Sergeant Wertz appeared unsure of the NHTSA standards and without testifying about the standards and how he substantially complied with them the results would have had to be suppressed. *See* R.C. 4511.19(D)(4)(b) (discussing when an

officer may testify about the results of field sobriety testing). We are not persuaded by Jackson's argument which relies heavily on speculation. "[S]peculation is insufficient to establish ineffective assistance." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, ¶ 217; *see also State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3461, ¶ 119. While Sergeant Wertz expressed uncertainty at trial about some aspects of his training related to field sobriety testing, it is unlikely that Sergeant Wertz was anticipating having to defend the same at trial; as noted above, the appropriate mechanism to litigate this issue is through a motion to suppress followed by a suppression hearing. *See Beavers* at ¶ 15-17. Moreover, at trial, Jackson was willing to stipulate to Sergeant Wertz's training, qualifications, and experience belying his contention that Sergeant Wertz was unqualified to perform the testing at issue. We cannot say that Jackson has demonstrated that Sergeant Wertz's testimony at a suppression hearing would have been similar to his testimony at trial, particularly given the different functions of each proceeding.

{¶35} Additionally, we note that, even if the field sobriety tests were subject to suppression, there has been no demonstration that the remaining evidence, including the odor of alcohol, Jackson's slightly red, glossy eyes, slight slurring of speech, and stumbling, would be insufficient to establish probable cause to arrest Jackson. Further, Sergeant Wertz's observations of Jackson during the field sobriety testing could be considered in determining whether probable cause existed even if the actual results of the test were excluded. *See State v. Protsman*, 9th Dist. Summit No. 28778, 2018-Ohio-3927, ¶ 15.

{¶36} Jackson's third assignment of error is overruled.

III.

{¶37} Jackson's first assignment of error is sustained in part and overruled in part. The remaining assignments of error are overruled. The judgment of the Wayne County Municipal

Court is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and JONATHAN HAMERS, Assistant Prosecuting Attorney, for Appellee.